CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
February 06, 2026
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JORDAN JOSEPH KINARD,** | ) |
| Plaintiff, | ) Case No. 7:25CV00939 |
| v. | ) **OPINION** |
| **WARDEN DAVID ZOOK,** | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*Jordan Joseph Kinard, Pro Se Plaintiff.*

The plaintiff, Jordan Joseph Kinard, proceeding pro se, has filed a "Motion for Temporary Restraining Order," requesting that the court "enter an order preventing the Defendant via his subordinates from violating the Plaintiff's constitutional rights." Mot. TRO 1–2, Dkt. No. 2. The request has been docketed as a civil rights action under 42 U.S.C. § 1983. Kinard has not prepaid the necessary filing costs to proceed with a civil action and impliedly requests in forma pauperis status under 28 U.S.C. § 1915, which would allow him to pay the filing fee through installments from his inmate trust account. Upon my review, I conclude that he does not qualify to do so based on his current allegations and his prior frivolous filings. Accordingly, I will summarily dismiss this lawsuit pursuant to 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act of 1995, all prisoner litigants suing government entities or officials must pay filing fees in full, either through

prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Kinard has filed more than twenty lawsuits in this court and numerous lawsuits in the Eastern District of Virginia, many of which have been dismissed for failure to state a claim or for failure to allege imminent danger of serious physical injury. *See, e.g., Kinard v. Critton*, No. 2:20-cv-00125-AWA-DEM (E.D. Va. Mar. 3, 2022) (dismissed for failure to state a claim); *Kinard v. Hendricks*, No. 2:07-cv-00461-JBF-JEB (E.D. Va. Nov. 1, 2007) (dismissed for failure to state a claim); *Kinard v. Land*, No. 2:07-cv-00079-JBF-TEM (E.D. Va. Apr. 11, 2007) (dismissed for failure to state a claim); *Kinard v. Virginia Dep't of Corr.*, No. 2:25-cv-00491-AWA-RJK (E.D. Va. Oct. 3, 2025) (dismissed under 28 U.S.C. § 1915(g)); *Kinard v. Kanode*, 7:19-cv-00304-JPJ-PMS (W.D. Va. Apr. 22, 2019) (dismissed under 28 U.S.C. § 1915(g)). Accordingly, Kinard may only proceed in forma pauperis (without prepayment of the filing fee) in this case if he states facts showing that he faces imminent danger of serious physical injury. § 1915(g).

The imminent danger exception to the three strikes rule is "'essentially a pleading requirement subject to the ordinary principles of notice pleading.'" *Holley v. Combs*, 134 F.4th 142, 145 (4th Cir. 2025) (quoting *Newkirk v. Kiser*, 812 F. App'x 159, 159 (4th Cir. 2020) (unpublished). The exception must be construed narrowly and applied only "for genuine emergencies," where "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The prisoner must be seeking relief from and demonstrate a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that imminent danger exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct").

Here, Kinard raises claims regarding prison conditions and sues the defendant under supervisory liability, arguing that he has failed to properly train and supervise his subordinates. Specifically, he asserts that a fellow inmate, who was also Kinard's cousin, "was found dead in his cell at Wallens Ridge State Prison, with his hands bound behind his back in restraints, with his adams apple crushed." Compl. 2, Dkt. No. 1. When Kinard "protested such murder," he then was allegedly threatened by officers that his "adams apple is next" and "if you keep making fuss about everything you're going to end up like your cousin, dead in your cell and my report is going to

read you tried to hang yourself." *Id.* at 2–3. Additionally, Kinard complains that during extended prison lockdowns, for which he had no notice or opportunity to appeal, he and other prisoners are denied access to the courts; only allowed short, cold showers; subjected to cells that are cold, unsanitary, and brightly lit at all times causing prisoners to get sick, become sleep deprived, and have headaches; prohibited from outdoor exercise; not permitted adequate grooming or clean laundry; and restricted from access to medical care. *Id.* at 3–4.

However, none of Kinard's claims demonstrate that he faces imminent danger of serious physical injury. While he may argue that the defendant's subordinates are threatening future injury by commenting that his adams apple was next, among other things, "mere verbal threats . . . do not signal any imminent danger of serious physical harm." *Meyers v. Clarke*, No. 7:18CV00379, 2019 WL 5288095, at *3 (W.D. Va. Oct. 18, 2019). Furthermore, the prison lockdown conditions complained of do not provide a basis for invoking the imminent danger exception without a specific description of serious physical injury that is impending. *See Holley*, 134 F.4th at 146–47 (emphasizing the necessity for specificity of a plaintiff's allegations in order to survive dismissal under § 1915(g)); *see also Lewis v. Casey*, 518 U.S. 343, 361 (1996) (determining that a prison operational decision that impedes on inmates' constitutional rights "is valid if it is reasonably related to legitimate penological interests") (citing *Turner v. Safley*, 482 U.S. 78 (1987)). While Kinard

describes the environment during lockdown, he fails to specifically explain how such conditions have imposed a serious threat of imminent physical danger to him personally. The only physical harm he describes includes general assertions of prisoners "being sick," having "sleep deprivation," and getting "head aches." Such conclusory allegations cannot survive dismissal under § 1915(g).

For the stated reasons, I cannot find that Kinard is eligible to proceed with this civil action without prepayment of the filing fee under the imminent danger exception in § 1915(g). Therefore, I must deny his application to proceed in forma pauperis under § 1915(g). Because he has not prepaid the $350 filing fee or the $52 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A judgment will be entered herewith.

DATED: February 6, 2026

/s/ JAMES P. JONES
Senior United States District Judge